EASTERN DISTRICT OF NEW YORK  
UNITED STATES BANKRUPTCY COURT

Return Date: June 15, 2010  
@ 9:30 a.m.

In re:

Jean Claude Nathan,

Debtor.

Chapter 7

Case No. 03-23810 - ess

NOTICE OF MOTION OF TRUSTEE  
FOR AN ORDER:

1) VACATING ORDER DATED APRIL 13, 2010

2) AUTHORIZING SULLIVAN PAPAIN BLOCK  
MCGRATH & CANNAV0 P.C. ("SULLIVAN") TO PAY  
OVER TO THE TRUSTEE THE SUM OF $102,205.10, THE BALANCE ON HAND

3) FIXING COMPENSATION TO SULLIVAN AT $26,269.25 AND EXPENSES OF  
$1,115.25

4) FIXING THE MEDICAL LIEN OF MAGNA CARE IN THE SUM OF $8,848.91

PLEASE TAKE NOTICE that upon the application of Robert J. Musso, Chapter 7 Trustee of the estate of Jean Claude Nathan, ("Debtor") dated May 13, 2010, the undersigned will move this Court before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge at the U.S. Bankruptcy Court, 271 Cadman Plaza East, Courtroom 3585, Brooklyn, New York on the 15th day of June, 2010 @ 9:30 a.m. or as soon thereafter vacating this Court's Order dated April 13, 2010, authorizing Sullivan Papain Block McGrath & Cannavo PC ("Sullivan Papain") to pay over to the Trustee the sum of $102,205.10 representing the balance on hand; fixing compensation to Sullivan Papain at $26,269.25 and expenses of $1,115.25 and fixing the medical lien of Magna Care by Nex in the sum of $8,848.91.

PLEASE TAKE FURTHER NOTICE, that objections, if any, must be in writing stating the legal basis for the objection and must be served on the counsel of the trustee and filed with the Clerk of the Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, New York 11201, with a courtesy copy to the Chambers of Judge Elizabeth S. Stong no later than June 11, 2010.

PLEASE TAKE FURTHER NOTICE, that a hearing may be adjourned from time to time without further notice.

Dated: Brooklyn, New York
      May 13, 2010

Rosenberg, Musso & Weiner, LLP
Attorneys for Trustee

By:    /s/
Robert J. Musso (RJM-9530)
26 Court St., Suite 2211
Brooklyn, New York 11242
(718) 855-6840

TO:   OFFICE OF U.S. TRUSTEE
271 Cadman Plaza East
Brooklyn, New York 11201

ALL KNOWN CREDITORS AND PARTIES IN INTEREST

EASTERN DISTRICT OF NEW YORK
UNITED STATES BANKRUPTCY COURT

| In re:<br><br>Jean Claude Nathan,<br><br>Debtor. | Chapter 7<br><br>Case No. 03-23810 |
|---|---|

APPLICATION OF TRUSTEE:

1) VACATING ORDER DATED APRIL 13, 2010

2) AUTHORIZING SULLIVAN PAPAIN BLOCK
MCGRATH & CANNAV0 P.C. ("SULLIVAN") TO PAY
OVER TO THE TRUSTEE THE SUM OF $102,205.10, THE BALANCE ON HAND

3) FIXING COMPENSATION TO SULLIVAN AT $26,269.25 AND EXPENSES OF $1,115.25

4) FIXING THE MEDICAL LIEN OF MAGNA CARE IN THE SUM OF $8,848.91

TO THE HONORABLE ELIZABETH S. STONG
UNITED STATES BANKRUPTCY JUDGE

The application of Robert J. Musso ("Trustee") of the estate of Jean Claude Nathan in support of an order vacating this Court Order of April 13, 2010 and for other relief, submits the following:

## BACKGROUND

1. The Debtor filed chapter 7 bankruptcy on October 21, 2003. The undersigned was appointed interim trustee, subsequently qualified and has served as the permanent trustee.

2. The Debtor, Jean Claude Nathan did not schedule at the time of the petition filing his pending product liability claim as an asset of the bankruptcy estate. The

Trustee filed his no asset report and the case was closed on March 10, 2004.

3. On the Trustee's motion, the case was re-opened on September 22, 2009 to allow the Trustee to administer the estate's asset of the Debtor's Vioxx claim.

4. The Trustee retained Sullivan, Papain, Block, McGrath and Cannavo, P.C. as special counsel.

5. Special counsel, thereafter, advised the Trustee that the Debtor was a member of the multi-district litigation together with other "Vioxx" plaintiffs. Moreover, the Debtor was awarded 60.29 points, a system used to calculate his financial award.

## TRUSTEE'S 9019 MOTION

6. As a result of information provided by the Sullivan firm, the Trustee filed a motion to approve the settlement due the Debtor in the sum of $112,441.45 and to fix fees of special counsel at $35,629.44 and expenses of $1,115.25. The court approved the motion and entered an Order dated April 13, 2010, a copy of which is attached as Exhibit A. The Trustee forwarded the Order to special counsel and expected to receive a check in the sum of $112,441.45.

7. The Sullivan firm has now advised the Trustee that it did not receive $112,441.45. Rather, Sullivan Papain received two checks totaling the sum of $102,205.10. Although the gross sum awarded to the Debtor, based on his 60.29 points, was $112,441.45, the Order of the District Court residing over the multi-district litigation provided, the Plaintiffs Steering Committee was awarded 8% of the gross recovery of $112,441.45 which computes to $8,995.32 plus disbursements of $1,124.41. These sums plus payment to Medicare in the sum of $116.62 were deducted from the gross recovery so that Sullivan Papain received only $102,205.10. It is this sum that is being held in escrow and should be turned over to the Trustee. As a result of this new

information, the Trustee seeks to vacate this Court's prior Order.

8. Attached as Exhibit B is the letter of Andrew Carboy, Esq. of the Sullivan firm.

9. The Carboy letter computes the total legal fees, capped by the District Court at 32% of $112,441.45 less total disbursements of $2,239.66 to be $35,264.57. Since the Steering Committee was paid $8,995.32, the legal fee due the Sullivan firm is to be reduced to $26,269.25 plus expenses of $1,115.25 not $2,239.66, as previously requested.

10. The Carboy letter states there is a medical lien due Magna Care in the sum of $9,832.12 with a possibility of further reduction. On May 12, 2010, the Trustee spoke to Bob Georges of Nex Claim as agent for Magna Care. The lien has been further reduced by 10% to $8,848.91. Attached is the letter of Georges attached as Exhibit C.

11. No creditor is affected by this motion to vacate the prior Order. All creditors, who filed proofs of claims, will be paid in full plus interest. After payment of administration expenses, there will be a substantial surplus to the Debtor in addition to his $7,500.00 exemption.

12. A proposed order is attached as Exhibit D.

13. Wherefore, it is respectfully requested that the Order of the court dated April 13, 2010 be vacated and the Court enter another Order to reflect new information

14. provided to the Trustee together with any further relief the Court deems just and proper.

Dated: Brooklyn, New York
      May 13, 2010

Rosenberg, Musso & Weiner, LLP
Attorneys for Trustee

By: /s/
Robert J. Musso (RJM-9530)
26 Court St., Suite 2211
Brooklyn, New York 11242
(718) 855-6840